NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10454 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00578-JSW-1 |
| v. | |
| DAVID CONERLY, AKA David Clayton Conerly, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

David Conerly appeals from the district court's judgment and challenges the

108-month sentence imposed following his guilty-plea conviction for being a felon

in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Conerly contends that the district court erred by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with another felony offense. We review the district court's interpretation of the Guidelines de novo, its factual findings for clear error, and the court's application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The district court's finding that Conerly possessed cocaine base with the intent to sell was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). The totality of the evidence in the record supports the district court's finding that Conerly's possession of the firearm potentially emboldened his efforts to sell crack cocaine, *see United States v. Polanco*, 93 F.3d 555, 567 (9th Cir. 1996), and the court did not abuse its discretion by applying the section 2K2.1(b)(6)(B) enhancement, *see Gasca-Ruiz*, 852 F.3d at 1170.

**AFFIRMED.**